IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| CARLOS ORELLANA CANTARERO, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § § | NO. 9:25-CV-00250-MJT-ZJH |
| PAMELA BONDI, KRISTI NOEM, TODD LYONS, ALEXANDER SANCHEZ, BRET BRADFORD | § § § § § | JUDGE MICHAEL TRUNCALE |
| *Defendants*. | § § § | |

ORDER ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On September 16, 2025, the Court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge, for pre-trial management. Dkt. 3. Pending before the Court is Petitioner Carlos Orellana Cantarero's ("Orellana Cantarero") *Petition for Writ of Habeas Corpus*. Dkt. 1. On November 6, Judge Hawthorn issued a *Report and Recommendation* granting in part Petitioner's petition. Dkt. 9. On November 13, 2025, Respondents filed objections to Judge Hawthorn's report. Dkt. 10.

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(l)(c); Fed. R. Civ. P. 72(b)(2)–(3). The Court has reviewed Judge Hawthorn's *Report and Recommendation* [Dkt. 9] and has considered the Respondents' objections [Dkt. 10]. The Court holds that Judge Hawthorn's findings and conclusions of law are correct, and that the Respondents' objections are without merit.

Although there is no controlling Fifth Circuit precedent resolving the boundary between 8 U.S.C. §§ 1225 and 1226, the straightforward reading of the statutes is that § 1226, not § 1225, governs Orellana Cantarero's detention. An overwhelming consensus of courts around the country have ruled similarly.[1]

Under 8 U.S.C. § 1101(a)(13)(A), an "admission" requires "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer," and § 1225(a)(1) provides that an alien "present in the United States who has not been admitted … shall be deemed an applicant for admission." Section 1225(b)(2), however, applies only when an examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a reasonable doubt not entitled to be admitted; in that circumstance the alien "shall be detained for a proceeding under section 1229(a)." By contrast, Orellana Cantarero has resided in the United States since 2009. The straightforward reading of the statutory scheme is that Orellana

---

[1] *See Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379, at *8 n.5 (E.D. Mich. Aug. 29, 2025) (collecting twelve such decisions); *Rodriguez v. Bostock*, 779 F. Supp. 3d (W.D. Wash. 2025); *Gomes v. Hyde*, No. 1:25-cv-11571-JEK, 2025 WL 1869229 (D. Mass. July 7, 2025); *Martinez v. Hyde*, ---F. Supp. 3d ----, 1:25-cv-11613-BEM, 2025 WL 208438 (D. Mass. July 24, 2025); *Rosado v. Figueroa et al.*, No. 2:25-cv-02157-DLR, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); *Lopez Benitez v. Francis et al.*, --- F. Supp. 3d ----, No. 1:25-cv-05937-DEH, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); *Gonzalez et al v. Noem et al.*, No. 5:25-cv-02054-ODW-BFM (C.D. Cal. Aug. 13, 2025); *dos Santos v. Noem*, No. 1:25-cv-12052-JEK, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); *Maldonado v. Olson*, --- F.Supp.3d ----, No. 0:25-cv-03142-SRN-SGE, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); *Romero v. Hyde, et al.*, --- F.Supp.3d ----, No. 1:25-cv-11631-BEM, 2025 WL 2403827 (D. Mass. Aug 19, 2025); *Benitez et al v. Noem et al.*, No. 5:25-cv-02190-RGK-AS (C.D. Cal. Aug, 26, 2025); *Jimenez v. FCI Berlin, Warden*, No. 25-CV-326-LM-AJ, 2025 WL 2639390, at *10 n.9 (D.N.H. Sept. 8, 2025); *Lopez Santos v. Noem*, No. 3:25-CV-01193, 2025 WL 2642278, at *5 (W.D. La. Sept. 11, 2025); *Kostak v. Trump*, No. 25-CV-01093, 2025 WL 2472136, at *3 (W.D. La. Aug. 27, 2025); *Lopez-Arevelo v. Ripa*, No. 3:25-CV-00337-KC, 2025 WL 2691828 (W.D. Tex. Sept. 22, 2025); *Cardona v. Unknown Party #1 et al*, No. 1:25-CV-1287, 2025 WL 3200682 (W.D. Mich. Nov. 17, 2025); *Erazo v. Hardin*, No. 2:25-CV-891-KCD-DNF, 2025 WL 3187136 (M.D. Fla. Nov. 14, 2025); *Guerra v. Noem et al.*, No. 1:25-CV-1341, 2025 WL 3204289 (W.D. Mich. Nov, 17, 2025); *Gutierrez v. Thompson, et al.*, No. 4:25-CV-4695, 2025 WL 3187521 (S.D. Tex. Nov. 14, 2025); *Quinapanta v. Bondi et al.*, No. 25-CV-795-WMC, 2025 WL 3157867 (W.D. Wis. Nov. 12, 2025); *Lala Barros v. Noem et al.*, No. EP-25-CV-488-KC, 2025 WL 3154059 (W.D. Tex. Nov. 10, 2025); *E.V. et al.* v. *Raycraft, et al.*, No. 4:25-Cv-2069, 2025 WL 3122837 (N.D. Ohio Nov. 7, 2025); *Merino v. Ripa*, No. 25-23845-CIV-MARTINEZ, 2025 WL 2941609, at *4 (S.D. Fla. Oct. 15, 2025); *Ochoa Ochoa v. Noem*, No. 25-CV-10865, 2025 WL 2938779, at *7 (N.D. Ill. Oct. 15, 2025); *Escobar-Ruiz v. Raycraft et al.*, No. 1:25-CV-1232, 2025 WL 3039255 (W.D. Mich. Oct. 31, 2025); *Molina Ochoa v. Noem*, 1:25-CV-00881-JB-LF, 2025 WL 3125846 (D.N.M. Nov. 7, 2025); *Villa v. Normand, et al.*, No. 5:25-CV-89, 2025 WL 3095969 (S.D. Ga. Nov. 4, 2025); *Andres v. Bondi, et al.*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312 (D. Minn. Nov. 4, 2025) .

2

Cantarero's custody is governed by § 1226, which regulates detention "pending a decision on whether the alien is to be removed," while § 1225(b)(2)'s "seeking admission" language makes that statute inapplicable in this factual context.

It is, therefore, ORDERED that Judge Hawthorn's *Report and Recommendation* [Dkt. 9] is ADOPTED. A final judgment will be entered in this case, in accordance with the magistrate judge's recommendation.

Additionally, it is ORDERED that, on or before December 8, 2025, at 5:00 p.m., the Respondents shall either (1) provide Orellana Cantarero with a bond hearing before an Immigration Judge, at which the government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Orellana Cantarero's continued detention; or (2) release Orellana Cantarero from custody, under reasonable conditions of supervision.

**SIGNED this 20th day of November, 2025.**

_____
Michael J. Truncale
United States District Judge