IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| CARLOS ORELLANA CANTARERO,<br><br>*Petitioner*,<br><br>v.<br><br>PAMELA BONDI, SECRETARY KRISTI NOEM, ALEXANDER SANCHEZ, TODD LYONS, BRET BRADFORD,<br><br>*Respondents*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 9:25-CV-00250<br>JUDGE MICHAEL J. TRUNCALE |

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Before the Court is Carlos Orellana Cantarero ("Petitioner")'s Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (the "Petition"). [Dkt. 1]. Respondents Pamela Bondi, Secretary Kristi Noem, Alexander Sanchez, Todd Lyons, and Bret Bradford (collectively, the "Respondents") filed their response pursuant to the Court's Order to Show Cause two weeks later. [Dkt. 5]. For the reasons stated below, the Court **DENIES** the Petition.

## I. BACKGROUND

Petitioner is a citizen of Honduras who has resided in the United States for over fifteen years. [Dkt. 1 at ¶ 1]. On June 3, 2025, Immigration and Customs Enforcement ("ICE") officers detained Petitioner. *Id.* at ¶ 2. Petitioner subsequently filed his Petition on September 15, 2025, seeking release from custody or, in the alternative, a bond hearing, in addition to an award of attorney's fees and costs under the Equal Access to Justice Act. [Dkt. 1 at 12]. Since being

detained, the parties have notified the Court that Petitioner received a bond hearing on November 25, 2025, and was released from custody. [Dkt. 13; Dkt. 14].

Because Petitioner has been released from custody, the Court considers the request for release or a bond hearing to be moot. However, Petitioner's claims for attorney's fees and costs have yet to be addressed. The Court turns to that issue below.

## II. LEGAL STANDARDS

To recover attorney's fees in a suit against the United States Government, Petitioner must show an express and unequivocal waiver of the Government's sovereign immunity. *Barco v. Witte*, 65 F.4th 782, 784 (5th Cir. 2023). The Equal Access to Justice Act ("EAJA") allows a "prevailing party" to recover "fees and other expenses" incurred in "any civil action" (other than those sounding in tort) brought by or against the United States, save for some exceptions that need not be discussed at this stage. 28 U.S.C. § 2412(d)(1)(A).

## III. DISCUSSION

As a threshold matter, the EAJA does not apply to the present Petition. The Fifth Circuit has narrowly construed the EAJA's waiver of sovereign immunity. *Barco*, 65 F.4th at 784. While the statute's fee-shifting provision applies to certain civil actions, habeas corpus proceedings have characteristics of both civil and criminal proceedings. *Id.* at 785. The Fifth Circuit thus considers habeas proceedings to be hybrid actions distinct from "purely civil action[s]." *Id.* Accordingly, attorney's fees are not authorized for successful habeas petitions. *Id.*

Because Petitioner brings his claims through a habeas proceeding, the Court must deny his request for attorney's fees and costs. *See id.*

## IV. CONCLUSION

It is therefore **ORDERED** that the Petitioner's request for release from custody or a bond hearing is **DENIED AS MOOT**, and his claim for attorney's fees and costs is **DENIED**. [Dkt. 1].

**SIGNED this 17th day of September, 2026.**

Michael J. Truncale
United States District Judge